**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **INNOCENT OBI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:10-cv-03613 |
| **AMERICAN AIRLINES,** | ) |
| **GERALD ARPEY, ARTHUR PAPPAS,** | ) |
| **SARA WEIS, TWU LOCAL 512,** | ) |
| **KEVIN HAGN, CHRIS BIANCALANA,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Defendant, American Airlines, Inc. ("American"), by its attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of removal of the above-captioned matter from the Circuit Court of Cook County, Illinois and, in support thereof, states as follows:

1. On or about May 10, 2010, Plaintiff, Innocent Obi, filed a Complaint in the Circuit Court of Cook County, Illinois, captioned *Innocent Obi v. American Airlines, Gerald Arpey, Arthur Pappas, Sara Weis, TWU Local 512, Kevin Hagn, Chris Biancalana*, Case No. 10 L 005481. Plaintiff also obtained a Summons addressed to American on May 10, 2010.

2. American received service of the Summons and Complaint on May 21, 2010. *See* Exhibit A.

3. All process, pleadings, and orders received by American or any other Defendant in this action are attached hereto as Exhibit A, as required by 28 U.S.C. §§ 1446(a) and (b).

4. Defendants TWU Local 512, Kevin Hagn, and Chris Biancalana consent to this removal. A copy of their written consent is attached hereto at Exhibit B.

5. Named Defendants Gerard Arpey, Sara Weiss, and Arthur Pappas have not been properly served as of the date of this Notice of Removal. Plaintiff attempted to effectuate service on Mr. Arpey and Ms. Weiss, however, he did not comply with the Illinois Rules of Civil Procedure regarding service as of the date of the filing of this Notice of Removal. *See* Exhibit A. Mr. Pappas has also not been served as of the date of the filing of this Notice of Removal. Therefore, no other Defendant is required to join or consent to this Notice of Removal. *See Schmude v. Sheahan,* 198 F. Supp. 2d 964, 967 (N.D. Ill. 2002) (finding that a removing defendant need not obtain consent from other defendants that have not been served) (internal citations omitted); *Phoenix Container, L.P. v. Sokoloff,* 83 F. Supp. 2d 928, 933 (N.D. Ill. 2000) (finding that "in a multiple-defendant case, a properly-served defendant need not join in his notice of removal defendants *who have not been properly served*" or defendants that have not been served at all) (emphasis added); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 US 344, 356 (1999) (holding that the thirty-day removal period does not begin to run until a defendant is formally served with process).

6. Removal is proper pursuant to 28 U.S.C. § 1446(a) because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction.

7. This Court is the United States District Court for the district and division in which the state court action referenced in Paragraph 1 above is pending.

8. The Court has original jurisdiction of this action under 28 U.S.C. § 1331 based on federal question jurisdiction because Plaintiff's Complaint arises under the laws of the United States. 28 U.S.C. § 1331. Specifically, in his Complaint, Plaintiff alleges: (1) that his discharge from American violated the Labor Management Relations Act, 29 U.S.C. § 185; (2)

violations and allegations regarding the Railway Labor Act, 45 U.S.C. § 151; and (3) that American discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* See Complaint ¶¶ 2, 9, 36, Count I WHEREFORE Paragraph, 138, 145.

9. Plaintiff's Complaint puts contested federal issues – i.e., whether American violated a variety of federal statutes – on the face of his Complaint. Under these circumstances, this Court has original jurisdiction of Plaintiff's LMRA, RLA, and Title VII claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a).

10. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of service on American of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

11. After filing this Notice of Removal, American will promptly serve written notice of removal upon Plaintiff and TWU Local 512, Kevin Hagn, and Chris Biancalana and will file a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

12. American has satisfied the requirements of 28 U.S.C. §§ 1331, 1441, and 1446 for removal of this case to the United States District Court.

13. This Notice of Removal does not waive any objections American may have to defects in process or service of process, jurisdiction, venue, or any other defense.

WHEREFORE, American respectfully requests that the above-captioned action now pending against it in the Circuit Court of Cook County, Illinois be removed to this Court.

Dated: June 10, 2010                                     Respectfully submitted,

                                                   AMERICAN AIRLINES, INC.

                                                   By:     /s/ Sheila P. Frederick
                                                            One of Its Attorneys

Cardelle B. Spangler
Sheila P. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700
Email:         cspangler@winston.com
              sfrederick@winston.com

## CERTIFICATE OF SERVICE

The undersigned counsel for American Airlines, Inc. hereby certifies that on this 10th day of June, 2010, she caused a copy of the foregoing NOTICE OF REMOVAL to be mailed by her office at 35 West Wacker Drive, Chicago, Illinois, first class US Mail, postage prepaid, to the following addresses:

>Innocent Obi
>PO Box 490122
>Chicago, Illinois  60649

>Irving M. King
>PO Box 497262
>Chicago, Illinois  60649-7262

>/s/ Sheila P. Frederick
>Sheila P. Frederick