UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNOCENT OBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 10 C 3613 |
| v. | ) |
| | ) Senior U. S. District Court Judge |
| AMERICAN AIRLINES, INC., et al., | ) George W. Lindberg |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Innocent Obi, filed a complaint alleging claims for violation of Title VII of the Civil Rights Act (Counts I and II), and conversion (Count III) against defendants, American Airlines, Inc. (AA), Gerard Arpey, Arthur Pappas, Sara Weis, Transport Workers Union Local 512, Kevin Hagen and Chris Biancalana in the Circuit Cook of Court County. On June 10, 2010, defendant AA removed the action to this court. On June 14, 2010, plaintiff filed an Application to Proceed In Forma Pauperis (IFP) and a Financial Affidavit in support of the IFP application.

On November 9, 2010, AA moved to dismiss plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) (untrue allegation of poverty), and § 1915(e)(2)(B)(i) (malicious or frivolous action). For the reasons stated below, the motion to dismiss is granted.

A "court shall dismiss the case at any time if the court determines - (A) the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2). The untruth or omission must be material, and not every inaccuracy on an IFP application will warrant dismissal. *See In re City of Chicago*, 500 F.3d 582, 583 (7th Cir. 2007). When an allegation of poverty contains a material omission, a judge has no choice but to dismiss the action. *Thomas v. General Motors Acceptance Corp.*, 288

F.3d 305, 306 (7th Cir. 2002). In attempting to demonstrate that plaintiff made material misrepresentations on his IFP application, defendant AA has asked the court to take judicial notice of documents the plaintiff filed under oath in other actions in the United States District Court for the Northern District of Illinois. The Seventh Circuit has held that it is appropriate for courts to take notice of such documents filed under oath. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff's filings under oath in this case and in two other cases describe his financial situation in three different ways. On June 14, 2010, in answer to question 2 of his IFP application in this case, he stated that his last salary or wages was $1,200 per month, but on August 27, 2010 in answering that same question in an IFP application filed in another case, plaintiff stated that his last salary was $2,600 per month. 10 C 5428. In answer to question 4 of his IFP application in this case, plaintiff stated that his only income was $407 (presumably per month) of unemployment compensation, but answering that same question in his other IFP application plaintiff stated that he received $500 of unemployment compensation per month, $487 per month through garnishment, and $240 per month from side jobs. 10 C 5428. And in answer to question 6 of his IFP application in this case, plaintiff stated that he does not own any property, but on September 4, 2010 in plaintiff's verified complaint in another case, plaintiff stated under oath that he was the owner of property located at 1407 E. 71st Place. 10 C 5747.

These significant discrepancies between plaintiff's filings in this case and his filings in actions 10 C 5428 and 10 C 5747 lead inescapably to the conclusion that plaintiff materially misrepresented his financial status in his IFP application in this case. Therefore, the court has no

10 C 3613

choice but to dismiss plaintiff's claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

ORDERED: Defendant American Airlines, Inc.'s motion to dismiss plaintiff Innocent Obi's action with prejudice pursuant to 28 U.S.C. § 1915(e)(2) [54] is granted. This action is dismissed with prejudice.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: January 18, 2011